WALTERS, J., concurring in part and dissenting in part. I concur with the judgment entered relating to all of the assignments of error, except that I must respectfully dissent with the judgment of the majority as to the third assignment of error.
The majority speculates that the valuation established by the trial court is approximately twenty-five per cent less than the valuation testified to by the plaintiff's expert, Certified Public Accountant Craig Jones. Although the majority does not comment on it, the valuation is also approximately twenty-eight percent higher than the valuation testified to by defendant's expert, accountant Verne Payne. Likewise, it is, therefore, approximately halfway between these two valuations. Nonetheless, there is no basis in the record where, other than by brute speculation, this appellate court can glean what factors or witnesses the trial court believed and relied upon in making its determination.
It is axiomatic that a trial court must be granted much leeway in determining the value of an asset, however, the evidence must support that valuation, and when that valuation is not obvious from the evidence, the trial court should articulate the basis for its deviation from the testimony. When a trial court summarily arrives at a valuation of property, even though it appears to be between the two extremes of the opposing parties' witnesses, it is an abuse of discretion if such a value is not supported by the evidence. See McCoy v. McCoy (1993), 91 Ohio App.3d 570,578.
The majority cites Singer v. Singer (May 3, 1996), Defiance App. No. 4-95-17, unreported, in support of the proposition that the trial court has broad discretion in weighing the evidence of value. In that case, this court approved the trial court's valuation whereby the high and low estimations of two expert appraisers were averaged. This case is distinguishable fromSinger because in that instance, the trial court provided a sufficient factual basis for its action. Indeed, our Singer
opinion highlights the referee's findings with respect to the adjustments that were made in order to reach the final value. In the instant case, however, the trial court has completely failed to provide any evidentiary basis to justify or support the ultimate dollar figure assigned to the parties' business.
For these reasons, I would reverse and remand this issue to the trial court.